The opinion of the court was delivered by
Duncan, J.
This was an action of debt on a recognizance entered into bj' the defendant in error, defendant below, to the plaintiffs in error, under the act of 21st March, 1806, to regulate arbitrations and proceedings in,courts of justice, in order to entitle John Brown, William Brown, and John Watson, the defendants in a judgment obtained by the Millikens, to a stay of execution, and was to secure the payment of the debt, interest, and costs, recovered by them in that judgment.
The defence was, that notwithstanding this recognizance, the plaintiffs had issued execution to the proper-county obtained the return of nulla bona, and then issued a testatum fi. fa. to Lancaster county, where Watson resided, and by means of this' execution, and a menace to levy it on his property, extorted from him 'the sum of $2000, one third part of the debt.
The plaintiff in error relics on two exceptions: 1st. In receiving *191 the deposition of John Watson. 2d. To the charge of the court in stating to the jury, that the conduct of Milliken, in taking oüt the execution discharged the recognizance, although it never had been delivered to the sheriff of Lancaster county.
John Watson, had an immediate and direct interest in the cause trying. It is unnecessary to enter into minute inquiry as to his liability to costs, for if the plaintiffs recovered on this recognizance, the conuzor coúld give this verdict and judgment in evidence in an action against John Brown, William Brown, Jr. and John Watson, and notice being here given to John Watson to defend, the recovery would be conclusive.
The exception to the charge does not do justice to the court, for this opinion is qualified with the observation, if payment was induced by the execution.
However just the reasoning of the court maybe, on contracts between individuals, that the consideration failing, the obligation is void, it does not apply to this stipulation, which is not a voluntary personal contract, but a legislative injunction on the plaintiff’s proceeding to execution. Nor does the doctrine of performance of conditions precedent bear in any degree on the question. The violation of the injunction, the taking out an execution not authorised by law, does not dissolve the recognizance. The plaintiff— the prothonotary — would be liable in trespass, had the execution been ever levied, and it would have been a proper case for heavy exemplary damages, and the taking it out and prostituting it, for the' purpose of extorting money, was a high and aggravated contempt.But the execution was a mere nullity — void, not voidable only; and' the fact of obtaining the money under this false colour, would not operate as a discharge of the recognizance; but as a payment to be discounted from the amount of the judgment.
The plaintiffs in error have sustained the exceptions, and the judgment must be reversed.
The construction of the receipt to Watson, and the effect of the' agreement were questions of law, on which the court declined, to' give any opinion, and this court is not called on now to decide.
The original debt was a joint one, the judgment a joint one, and whether the receipt and agreement disclosed in the deposition of Christian Haldeman, is not an impediment in the plaintiffs way,difficult to remove, is well worthy the consideration of the counsel1 of the plaintiffs in error, before they take down the record.
Judgment reversed and a venire facias de novo awarded.